# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JERMAINE CHARLES DUFFY, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. §2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:06-CR-523-RWS-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL ACTION NO. |
| | : | 1:23-CV-4496-RWS-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Jermaine Charles Duffy has submitted a handwritten document to the Court, in which he asks this Court to allow him to file a successive motion to vacate his sentence pursuant to 28 U.S.C. §2255. (Doc. 130). The matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings ("Rule 4").[1] For the following reasons, the undersigned **RECOMMENDS** that the §2255 motion be **DISMISSED**.

I.   Procedural History

Following a jury trial in this Court, on September 28, 2007, Movant was convicted of possessing a firearm while a convicted felon in violation of 18 U.S.C.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

§922(g)(1), and later was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), to 300 months of imprisonment to be followed by five years of supervised release. (Docs. 62, 66). The Eleventh Circuit affirmed Movant's conviction and sentence on February 3, 2009. *United States v. Duffy*, No. 08-10241, 315 F. App'x 216 (11th Cir. 2009); (*see also* Doc. 84).

On March 29, 2010, Movant filed a §2255 motion to vacate his sentence in this Court, and raised a claim of ineffective assistance of counsel. (Doc. 86). U.S. District Judge Richard W. Story denied the §2255 motion on June 17, 2010 [Doc. 90], and the Eleventh Circuit denied a certificate of appealability on December 13, 2010. (Doc. 102).

Movant filed another §2255 motion in this Court on July 13, 2015 [Doc. 103] and raised claims based on *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court invalidated the residual clause contained in 18 U.S.C. §924(e) as unconstitutionally vague.[2] On January 21, 2016, the undersigned entered a report

---

[2] The ACCA provides that if a person who is convicted under 18 U.S.C. §922(g) has three or more previous convictions for a "serious drug offense" or "violent felony," his prison term is increased from up to ten years of imprisonment (set forth in §924(a)(2)) to a minimum of fifteen years and a maximum of life. *See* 18 U.S.C. §924(e)(1). The statute defines "violent felony" as "burglary, arson, or extortion, or use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. §924(e)(2)(B) (emphasis added). It is the words at the end of the definition, italicized previously, that are known as the ACCA's residual clause, *Johnson*, 576 U.S. at 594, and which the Supreme Court found unconstitutionally vague. *Id.* at 597, 606.

and recommendation ("R&R") and recommended that the §2255 motion be dismissed as successive because neither the Supreme Court nor the Eleventh Circuit had held that *Johnson* was retroactively available on collateral review. (Doc. 104).[3] Judge Story adopted the R&R on February 11, 2016, and dismissed the §2255 motion as successive. (Doc. 106).

On April 18, 2016, the Supreme Court issued its opinion in *Welch v. United States*, 578 U.S. 120 (2016), and held that the *Johnson* decision announced a substantive rule that applied retroactively on collateral review. *Id.* at 135. Movant then filed an application with the Eleventh Circuit for authorization to file a second and successive §2255 motion pursuant to 28 U.S.C. §§2255(h) and 2244(b)(3)(A) based on *Johnson*, and the Eleventh Circuit provided Movant with authorization therefor. *See Duffy v. United States*, Appeal No. 15-11953 (11th Cir. May 19, 2016) (Doc. 109). Through the Federal Defender Program, Movant filed a §2255 based on *Johnson* in this Court on June 24, 2016. (Doc. 110). Judge Story denied the second §2255 motion on September 12, 2019. (Doc. 128).

---

[3] The R&R noted, however, that the Supreme Court had granted certiorari to resolve a circuit split on the issue but had not yet made its decision in that case. (Doc. 104 at 4).

II.     Discussion

In the document requesting permission to file another successive §2255 motion, Movant indicates that he has secured newly discovered evidence that counsel was ineffective. (Doc. 130). This Court, however, is without jurisdiction to consider Movant's argument.

Indeed, "[i]n the interests of finality, the law generally bars prisoners from filing second or successive §2255 motions, except when 'certified as provided in section 2244[b)(3)(A)] *by a panel of the appropriate court of appeals* to contain' ... 'newly discovered evidence' of actual innocence[.]'" *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (emphasis added) (quoting 28 U.S.C. §2255(h)), *abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017). Put another way, before filing a second or successive §2255 motion to vacate, "a prisoner must first obtain authorization from [the Eleventh Circuit], which requires a showing . . . of newly discovered evidence of actual innocence." *United States v. Means*, 787 F. App'x 999, 1001 (11th Cir. 2019). Without such authorization, this Court lacks jurisdiction to consider it. *Id.*; *United States v. Craig*, No. 21-13422, 2023 WL 2487397, at *2-3 (11th Cir. Mar. 14, 2023); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The instant §2255 motion is successive, and Movant has not sought permission from the Eleventh Circuit to file another successive §2255 motion. Consequently, this Court lacks jurisdiction. *See Craig*, 2023 WL 2487397, at *3 ("Defendant concedes that he did not obtain authorization from this Court to file a successive §2255 motion. Thus, the district court lacked jurisdiction to consider the motion."); *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) ("Without such authorization [from the appellate court], the district court must dismiss a second or successive §2255 petition for lack of jurisdiction."); *Holt*, 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (citations omitted).

To the degree that Movant argues that newly discovered evidence should allow him to proceed on another successive §2255 motion, Movant's only recourse is to seek authorization from the Eleventh Circuit based on that alleged evidence. Because Movant has not received any such authorization, this Court has no subject matter jurisdiction and this action must be dismissed.

III.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the instant motion to vacate [Doc. 130] be **DISMISSED**.[4]

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 6th day of October, 2023.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[4]     The undersigned does not make a recommendation whether the Court should grant or deny a Certificate of Appealability ("COA") because a prisoner does not need a COA to appeal when it dismisses a §2255 motion for lack of jurisdiction. *See Craig*, 2023 WL 2487397, at *2 ("[A] COA is not required where, as here, the appeal is from a district court's dismissal of a §2255 motion for lack of jurisdiction.").