IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERMAINE CHARLES DUFFY, PETITIONER/MOVANT, v. UNITED STATES OF AMERICA, RESPONDENT. | Criminal Action No. 1:06-cr-523-RWS-JSA  Related Civil Action No. 1:23-cv-4496-RWS-JSA |

**O R D E R**

This matter is before the Court on the October 6, 2023 Final Report and Recommendation ("R&R") of Magistrate Judge J. Clay Fuller [Dkt. 131] recommending that Petitioner Duffy's *pro se* motion [Dkt. 130] seeking leave to file a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be dismissed.  See Rule 4 of the Rules Governing Section 2255 Proceedings ("Rule 4").  Judge Fuller recommends dismissal because Duffy's § 2255 motion is successive, and Duffy has not sought or obtained permission from the Eleventh Circuit to file another successive § 2255 motion.  [R&R at 4-5]. Absent permission from the Eleventh Circuit to file a successive § 2255, this federal district court lacks jurisdiction.  United States v. Craig, 2023 WL

2487397, at *2-3 (11th Cir. Mar. 14, 2023); accord Armstrong v. United States, 986 F.3d 1345, 1347 (11th Cir. 2021) ("Without such authorization [from the appellate court], the district court must dismiss a second or successive § 2255 petition for lack of jurisdiction.").

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).  In contrast, absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation.  Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b); Macort v. Prem, Inc., 208 Fed. Appx. 781, 784 (11th Cir. 2006) (quoting Diamond v. Colonial Life & Accident Ins., 416 F.3d 310, 315 (4th Cir. 2005)).

No objections have been filed, and the statutory period for objecting has expired.  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the Court has conducted a "careful and complete" review of the R&R and finds no clear error.  Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (citation and internal quotation marks omitted); see also United States v. Slay, 714 F.2d

1093, 1095 (11th Cir. 1983).  Accordingly, Judge Fuller's Final R&R [Dkt. 131] is hereby approved and **ADOPTED** as the opinion and order of this Court.

It is **ORDERED** that Jermaine Charles Duffy's Motion [Dkt. 130] is **DISMISSED**.

The Court need not rule on whether Duffy is entitled to a certificate of appealability.  [R&R at 6, n.4].

The Clerk of Court is **DIRECTED** to close the case.

**SO ORDERED** this 2nd day of January, 2024.

_____
**RICHARD W. STORY**
United States District Judge